IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEANETTE McLAUGHLIN | ) | CASE NO. |
| 1328 Lake Road | ) | |
| Conneaut, Ohio 44030 | ) | JUDGE: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND REINSTATEMENT** |
| GREG SWEET FORD, INC. | ) | |
| c/o Gregory A. Sweet | ) | **JURY DEMAND ENDORSED** |
| Statutory Agent | ) | **HEREIN** |
| 286 E. Main Road | ) | |
| Conneaut, Ohio 44030 | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Jeanette McLaughlin, by and through undersigned counsel, as her Complaint against the Defendant, states and avers the following:

## PARTIES

1. McLaughlin is a resident of the city of Conneaut, county of Ashtabula, state of Ohio.

2. Defendant is a corporation with its principal place of business located at 4011 East Center Street Conneaut, Ohio 44030.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that McLaughlin is alleging federal law claims regarding the deprivation of McLaughlin's rights under the Title VII of the Civil Rights Act of 1964 as amended and the Americans with Disabilities Act of 1990.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

5. All material events alleged in this Complaint occurred in Ashtabula County.

6. Within 300 days of the conduct alleged below, McLaughlin filed a Charge of Discrimination with the Equal Opportunity Employment Commission ("EEOC"), Charge No. 532-2020-02182 against Defendant.

7. On or about March 23, 2021, the EEOC issued and mailed a Notice of Right to Sue letter to McLaughlin regarding the Charge of Discrimination.

8. McLaughlin received her Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit 1.

9. McLaughlin filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

10. McLaughlin has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## FACTS

12. Defendant owns and operates a car dealership in Ashtabula County.

13. Defendant hired McLaughlin as an Administrative Assistant on or around September 30, 2013.

14. McLaughlin is female.

15. Greg Sweet is and was at all times hereinafter mentioned an owner of Defendant, who acted directly or indirectly in the interest of Defendant in relation to its employees.

16. At times relevant herein, Sweet supervised and/or controlled McLaughlin's employment with Defendant and was empowered to take tangible employment actions against McLaughlin.

17. In 2015, McLaughlin was diagnosed with severe anxiety and depression ("Anxiety").

18. McLaughlin's Anxiety affects her neurological body system.

19. McLaughlin's Anxiety is a psychological disability.

20. McLaughlin's treating physician placed her on prescription medication due to her Anxiety.

21. McLaughlin's Anxiety impacts one or more of her major life activities, including working.

22. McLaughlin has a record of her Anxiety.

23. Despite her Anxiety, McLaughlin was able to perform the essential functions of her job.

24. As a result of suffering from her Anxiety, McLaughlin is and was considered disabled within the meaning of the ADA.

25. McLaughlin disclosed her Anxiety to Melissa Arcaro, Defendant's office manager ("Disclosure").

26. At all times relevant herein, Arcaro acted directly or indirectly in the interest of Defendant in relation to its employees.

27. At times relevant herein, Arcaro supervised and/or controlled McLaughlin's employment with Defendant and was empowered to take tangible employment actions against McLaughlin.

28. Arcaro had a duty to report McLaughlin's Disclosure to Defendant.

29. Arcaro did report McLaughlin's Disclosure to Defendant.

30. Defendant had knowledge of McLaughlin's disability.

31. During McLaughlin's employment,

3

32. During McLaughlin's employment with Defendant, Sweet repeatedly engaged McLaughlin in conversations about sex ("Sexual Conversations").

33. Sweet engaged McLaughlin in his Sexual Conversations on a regular basis.

34. Sweet's Sexual Conversations included Sweet telling McLaughlin that her female predecessor in the Administrative Assistant position frequently made sexual advances upon Sweet.

35. Sweet's Sexual Conversations included Sweet telling McLaughlin that her predecessor in the Administrative Assistant position could "suck a golf ball through a garden hose."

36. By saying that the previous Administrative Assistant could "suck a golf ball through a garden hose" Sweet was insinuating that the previous Administrative Assistant was proficient in the act of oral sex.

37. By saying that the previous Administrative Assistant could "suck a golf ball through a garden hose" Sweet was insinuating that the previous Administrative Assistant had given Sweet oral sex.

38. McLaughlin told Sweet that she did not want to discuss sexual topics with him.

39. Despite the objections of McLaughlin, Sweet continued to discuss sex with McLaughlin and other female employees.

40. McLaughlin was offended by Sweet's Sexual Conversations.

41. A reasonable person, similarly situated to McLaughlin, would be offended by Sweet's Sexual Conversations.

42. Sweet did not engage Defendant's male employees in conversations similar to his Sexual Conversations.

43. Upon information and belief, Defendant has a policy against gender discrimination and sexual harassment in the workplace ("Discrimination Policy").

44. A male supervisor engaging unwilling female employees in conversations about their sex life violates Defendant's Discrimination Policy.

45. Alternatively, Defendant permits male supervisors to engage female subordinates in discussions about their sex life against the employee's will.

46. Sweet engaging McLaughlin in his Sexual Conversations against her will constituted sexual harassment.

47. Sweet engaging McLaughlin in his Sexual Conversations against her will created a sexually hostile work environment.

48. Sweet repeatedly engaging McLaughlin in his Sexual Conversations took McLaughlin away from her work and prevented her from dedicating her full attention to her employment.

49. Sweet engaging McLaughlin in his Sexual Conversations against her will was an adverse action.

50. Sweet engaging McLaughlin in his Sexual Conversations against her will was an adverse employment action.

51. In or around the summer of 2018, Defendant hosted a "Ford Drive Event" ("Ford Event").

52. McLaughlin attended and assisted at the Ford Event.

53. During the Ford Event, Kaleb, Last Name Unknown, one of Defendant's car porters complained to McLaughlin that Mark Longstreet, the employee responsible for managing Greg Sweet Ford's website, had approached Kaleb, and asked Kaleb if he shaved his nipples, and telling Kaleb that Mark wanted to molest Kaleb ("Kaleb's Sexual Harassment Complaint").

54.  McLaughlin reported Kaleb's Sexual Harassment Complaint to Arcaro.

55.  Sweet, interviewed McLaughlin about Kaleb's Sexual Harassment Complaint.

56.  Within a month of McLaughlin reporting Kaleb's Sexual Harassment Complaint to Defendant, Sweet told McLaughlin that, due to restructuring, Defendant would no longer allow hourly employees to work overtime ("Overtime Removal").

57.  McLaughlin discussed the Overtime Removal with Defendant's male hourly employees.

58.  Defendant's male hourly employees told McLaughlin that Defendant had not removed their ability to work overtime.

59.  Defendant did not remove employee's ability to work overtime, who had not reported complaints of sexual harassment.

60.  Defendant removed McLaughlin's ability to earn overtime because McLaughlin is female.

61.  Defendant removed McLaughlin's ability to earn overtime because McLaughlin had reported Kaleb's Sexual Harassment Complaint.

62.  The Overtime Removal was an adverse action.

63.  The Overtime Removal was an adverse employment action.

64.  There was a causal connection between McLaughlin's reported Kaleb's Sexual Harassment Complaint and Defendant's removal of McLaughlin's ability to earn overtime.

65.  In or around March 2019, Sweet informed McLaughlin that his friend, Tom Walker, had sexual intercourse with Jeanette's relative Donna McLaughlin ("D. McLaughlin").

66.  While Sweet was telling McLaughlin that Walker had sexual intercourse with D. McLaughlin, Sweet repeatedly referred to D. McLaughlin's genitals as a "two-man pop tent" ("Pop-Tent Comments").

67.  McLaughlin was offended by Sweet's Pop-Tent Comments.

68. A reasonable person, similarly situated to McLaughlin would be offended by Sweet's Pop-Tent Comments.

69. Sweet's Pop-Tent Comments violate Defendant's Harassment Policy.

70. Alternatively, Defendant permits male supervisors to denigrate the appearance of female genitalia with female employees.

71. Sweet making his Pop-Tent Comments to McLaughlin constituted sexual harassment.

72. Sweet making his Pop-Tent Comments to McLaughlin created a sexually hostile work environment.

73. Sweet's Pop-Tent Comments made McLaughlin extremely uncomfortable in the workplace and prevented her from dedicating her full attention to her employment.

74. Sweet's Pop-Tent Comments were an adverse action.

75. Sweet's Pop-Tent Comments were an adverse employment action.

76. In July 2019, McLaughlin went to the bank to make a deposit for the dealership ("Deposit").

77. When McLaughlin returned from the Deposit, Sweet accused McLaughlin of yelling at a bank teller while making a bank deposit for the dealership ("Accusations").

78. At the time Sweet made his Accusations, Sweet did not have any evidence supporting his Accusations.

79. During Sweet's Accusations, Sweet repeatedly told McLaughlin, "if you aren't on drugs, you should be" ("Drugs Comments").

80. Sweet did not make comments similar to his Drugs Comments to non-disabled employees.

81. Sweet made his Drugs Comments because McLaughlin is disabled.

82. During Sweet's Accusations, Sweet told McLaughlin that she had "anger issues" because McLaughlin allegedly yelled at the bank teller ("Anger Issues Comments").

7

83. Sweet did not accuse male employees, who Sweet witnessed have emotional outbursts in the workplace, of having anger issues.

84. During McLaughlin's employment, Sweet frequently had emotional outburst.

85. During McLaughlin's employment, Sweet had punched a hole in Defendant's office wall in a fit of rage.

86. Sweet does not believe that he has anger issues.

87. Sweet accused McLaughlin of having anger issues because McLaughlin is female.

88. Sweet accused McLaughlin of having anger issues because McLaughlin is disabled.

89. The day after the Deposit, Sweet ordered McLaughlin to take a drug test.

90. Sweet did not order non-disabled employees to submit to drug tests.

91. Sweet ordered McLaughlin to submit to a drug test because she is disabled.

92. Demanding that McLaughlin submit to a drug test was an adverse action.

93. Demanding that McLaughlin submit to a drug test was an adverse employment action.

94. In the months following the Deposit, Sweet continued making the Drugs Comments and Anger Issues Comments.

95. McLaughlin was offended by Sweet's Drugs Comments.

96. A reasonable person, similarly situated to McLaughlin would be offended by Sweet's Drugs Comments.

97. McLaughlin was offended by Sweet's Anger Issues Comments.

98. A reasonable person, similarly situated to McLaughlin would be offended by Sweet's Anger Issues Comments.

99.    On or around November 15, 2019, Chris Ritchey, Defendant's General Sales Manager, and Arcaro informed McLaughlin that Sweet had ordered them to terminate McLaughlin's employment with Defendant, allegedly due to restructuring.

100.   Defendant terminated McLaughlin on November 15, 2019.

101.   McLaughlin was the only employee terminated by Defendant on November 15, 2019.

102.   Defendant did not terminate any other employees due to alleged "restructuring" in 2019 other than McLaughlin.

103.   Defendant's assertion that McLaughlin was terminated due to restructuring has no basis in fact.

104.   Defendant's assertion of restructuring did not actually motivate Defendant's decision to terminate McLaughlin.

105.   Defendant knowingly terminated McLaughlin.

106.   Defendant knowingly took an adverse employment action against McLaughlin.

107.   Defendant knowingly took an adverse action against McLaughlin.

108.   Defendant intentionally terminated McLaughlin.

109.   Defendant intentionally took an adverse employment action against McLaughlin.

110.   Defendant intentionally took an adverse action against McLaughlin.

111.   Defendant knew that terminating McLaughlin would cause McLaughlin harm, including economic harm.

112.   Defendant willfully terminated McLaughlin.

113.   Defendant willfully took an adverse employment action against McLaughlin.

114.   Defendant willfully took an adverse action against McLaughlin. There was a causal connection between McLaughlin's disability and Defendant's termination of McLaughlin.

115.  There was a causal connection between McLaughlin's gender and Defendant's termination of McLaughlin.

116.  Upon information and belief, in December 2019, Defendant hired a non-disabled individual to replace McLaughlin.

117.  As a result of Defendant's conduct, McLaughlin has suffered, and continues to suffer harm.

### COUNT I: HOSTILE WORK ENVIRONMENT BASED ON DISABILITY IN VIOLATION OF 42 U.S.C. § 12101 *et seq.*

118. McLaughlin restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

119. During her employment at Defendant, McLaughlin was subjected to offensive and harassing conduct by Sweet based upon her actual and/or perceived disability, depression and anxiety.

120. Defendant knew or should have known of the harassing conduct against McLaughlin by Sweet.

121. Defendant condoned, tolerated and ratified this harassing conduct.

122. Sweet's harassing conduct was severe and/or pervasive.

123. Sweet's harassing conduct was offensive to McLaughlin.

124. Sweet's offensive and harassing conduct interfered with McLaughlin ability to perform her job duties.

125. Sweet's offensive and harassing conduct created a hostile and/or abusive work environment for McLaughlin.

126. Sweet's offensive and harassing conduct created a hostile and/or abusive work environment for the reasonable person similarly-situated to McLaughlin.

127. Defendants discriminatory conduct towards McLaughlin violated 42 U.S.C. § 12101 *et seq.*

128. As a result of Defendant's discrimination against McLaughlin in violation of 42 U.S.C. § 12101 *et seq*., McLaughlin has been denied employment opportunities providing substantial compensation and benefits, thereby entitling McLaughlin to injunctive, equitable, and compensatory monetary relief.

129. As a result of Defendant's discrimination against McLaughlin in violation of 42 U.S.C. § 12101 *et seq*., McLaughlin has suffered mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

130. In its discriminatory actions as alleged above, Defendants have acted with malice or reckless indifference to the rights of McLaughlin, thereby entitling McLaughlin to an award of punitive damages.

131. To remedy the violations of the rights of McLaughlin secured by 42 U.S.C. § 12101 *et seq*., McLaughlin requests that the Court award her the relief prayed for below.

### COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 12101 *et seq*.

132. McLaughlin restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

133. McLaughlin has Anxiety and Depression.

134. McLaughlin's conditions constitute emotional and mental impairments.

135. McLaughlin's conditions substantially impair one or more of her major life activities including working.

136. McLaughlin is disabled.

137. McLaughlin informed Defendant of her disabling conditions.

138. In the alternative, Defendant perceived McLaughlin as being disabled.

11

139. Defendant perceived McLaughlin's condition to substantially impair one or more of her major life activities including working.

140. Defendant treated McLaughlin less favorably than other similarly-situated employees based on her disabling conditions.

141. Defendant treated McLaughlin less favorably than other similarly-situated employees based on her perceived disabling condition.

142. On or about November 15, 2020, Defendant terminated McLaughlin's employment without just cause.

143. Defendant terminated McLaughlin's employment based on her disabilities.

144. Defendant terminated McLaughlin's employment based on her perceived disabilities.

145. Defendant violated the ADA when it discharged McLaughlin based on her disabilities.

146. Defendant violated the ADA when it discharged McLaughlin based on her perceived disabilities.

147. Defendant violated the ADA by discriminating against McLaughlin based on her perceived disabling condition.

148. As a result of Defendant' discrimination against McLaughlin in violation of the ADA, McLaughlin has been denied employment opportunities providing substantial compensation and benefits, thereby entitling McLaughlin to injunctive, equitable, and compensatory monetary relief.

149. As a result of Defendant' discrimination against McLaughlin in violation of the ADA, McLaughlin has suffered mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

150. In its discriminatory actions as alleged above, Defendant acted with malice or reckless indifference to the rights of McLaughlin, thereby entitling McLaughlin to an award of punitive damages.

151. To remedy the violations of the rights of McLaughlin secured by the ADA, McLaughlin requests that the Court award her the relief demanded below.

## COUNT III: HOSTILE WORK ENVIRONMENT BASED ON GENDER IN VIOLATION OF 42 U.S. Code § 2000e *et seq.*

152. McLaughlin restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

153. During her employment at Defendant, McLaughlin was subjected to offensive and harassing conduct by Sweet based upon her gender.

154. Defendant knew or should have known of the harassing conduct against McLaughlin by Sweet.

155. Defendant condoned, tolerated and ratified this harassing conduct.

156. Sweet's harassing conduct was severe and/or pervasive.

157. Sweet's harassing conduct was offensive to McLaughlin.

158. Sweet's offensive and harassing conduct interfered with McLaughlin ability to perform her job duties.

159. Sweet's offensive and harassing conduct created a hostile and/or abusive work environment for McLaughlin.

160. Sweet's offensive and harassing conduct created a hostile and/or abusive work environment for the reasonable person similarly-situated to McLaughlin.

161. Defendants discriminatory conduct towards McLaughlin violated 42 U.S. Code § 2000e *et seq.*

162. As a result of Defendant's discrimination against McLaughlin in violation of 42 U.S. Code § 2000e *et seq*., McLaughlin has been denied employment opportunities providing substantial compensation and benefits, thereby entitling McLaughlin to injunctive, equitable, and compensatory monetary relief.

163. As a result of Defendant's discrimination against McLaughlin in violation of 42 U.S. Code § 2000e *et seq*., McLaughlin has suffered mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

164. In its discriminatory actions as alleged above, Defendants have acted with malice or reckless indifference to the rights of McLaughlin, thereby entitling McLaughlin to an award of punitive damages.

165. To remedy the violations of the rights of McLaughlin secured by 42 U.S. Code § 2000e *et seq*., McLaughlin requests that the Court award her the relief prayed for below.

## COUNT IV: RETALIATORY DISCRIMINATION IN VIOLATION OF 42 U.S. Code § 2000e-3

166. McLaughlin restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

167. Subsequent to McLaughlin reporting Kaleb's Sexual Harassment Complaint to Defendant, Defendant removed McLaughlin's ability to earn overtime.

168. Defendants' actions were retaliatory in nature based on McLaughlin's opposition to unlawful discriminatory conduct.

169. Pursuant to 42 U.S. Code § 2000e-3, it is an unlawful discriminatory practice "because he has opposed any practice made an unlawful employment practice by this subchapter …"

170. Defendants retaliatory conduct towards McLaughlin violated 42 U.S. Code § 2000e-3 *et seq*.

14

171. As a result of Defendant's retaliation against McLaughlin in violation of 42 U.S. Code § 2000e-3 *et seq.*, McLaughlin has been denied employment opportunities providing substantial compensation and benefits, thereby entitling McLaughlin to injunctive, equitable, and compensatory monetary relief.

172. As a result of Defendant's discrimination against McLaughlin in violation of 42 U.S. Code § 2000e-3 *et seq.*, McLaughlin has suffered mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

173. In its discriminatory actions as alleged above, Defendants have acted with malice or reckless indifference to the rights of McLaughlin, thereby entitling McLaughlin to an award of punitive damages.

174. To remedy the violations of the rights of McLaughlin secured by 42 U.S. Code § 2000e-3 *et seq.*, McLaughlin requests that the Court award her the relief prayed for below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jeanette McLaughlin requests judgment in her favor against Defendant, containing the following relief:

(a) A declaratory judgment that the actions, conduct, and practices of Defendant complained of herein violate the laws of the United States;

(b) An injunction and order permanently restraining Defendant from engaging in such unlawful conduct;

(c) An order directing Defendant to place McLaughlin in the position she would have occupied but for Defendant' discriminatory, retaliatory and/or otherwise unlawful treatment of her, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices and other unlawful conduct are eliminated and do not continue to affect McLaughlin;

(d) An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate McLaughlin for all monetary and/or economic damages, including, but not

limited to, the loss of past and future income, wages, compensation, job security and other benefits of employment;

(e) Awarding against each Defendant compensatory and monetary damages to compensate McLaughlin for lost wages, emotional distress, and other consequential damages, in an amount to be proven at trial;

(f) An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate McLaughlin for all non-monetary and/or compensatory damages, including, but not limited to, compensation for her severe mental anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries;

(g) An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate McLaughlin for harm to her professional and personal reputation and loss of career fulfillment;

(h) An award of damages for any and all other monetary and/or non-monetary losses suffered by McLaughlin in an amount to be determined at trial, plus prejudgment interest;

(i) An award of punitive damages;

(j) An award of costs that McLaughlin has incurred in this action, as well as McLaughlin's reasonable attorneys' fees to the fullest extent permitted by law; and

(k) Awarding such other and further relief that this Court deems necessary and proper.

<div style="margin-left: 40%;">

Respectfully submitted,

Chris P. Wido (0090441)
Samuel B. Robb (0099035)
**The Spitz Law Firm, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:   (216) 291-5744
Email: chris.wido@spitzlawfirm.com
        sam.robb@spitzlawfirm.com

*Attorneys For Plaintiff Jeanette McLaughlin*

</div>

## JURY DEMAND

Plaintiff Jeanette McLaughlin demands a trial by jury by the maximum number of jurors permitted.

Samuel B. Robb (0099035)